**Michael GUETTER, Petitioner, Respondent,**

v.

**BROWN COUNTY FAMILY SERVICES, Appellant.**

**No. C9-86-1578.**

Court of Appeals of Minnesota.

Feb. 24, 1987.

Review Granted April 23, 1987.

James B. O'Leary, O'Leary & Moritz, Chartered, Springfield, for respondent.

James R. Olson, Brown Co. Atty., Clark A. Tuttle III, Asst. Co. Atty., New Ulm, for appellant.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

FORSBERG, Judge.

In this special proceeding, Brown County Family Services appeals from an order directing it to disclose to respondent the name of the person or persons who reported that he had committed sexual misconduct against minors in his care. We affirm.

## FACTS

Respondent Father Michael Guetter is a 71 year old Roman Catholic parish priest. Appellant Brown County Family Services ("Brown County") is a local welfare agency under Minn.Stat. § 626.556 (1984). That statute provides for specific methods of reporting the sexual abuse, physical abuse or neglect of children to appropriate authorities, and for responding to such reports.

Brown County received a report pursuant to the statute which, according to the agency, alleged that Guetter was guilty of "improper conduct * * * including a specific allegation of sexual misconduct" against minors under his care. Brown County contacted the Brown County Sheriff's Department, and both organizations investigated the allegations. A supervisor for Brown County, in an affidavit to the trial court, stated:

> Although the investigation * * * did not produce evidence of the type to support a criminal charge against [Guetter], the evidence so obtained does not suggest that the report was false * * *. The specific allegation regarding sexual misconduct was not supported by any additional evidence found during the investigation; however, the general allegations of improper conduct by [Guetter] were supported.

Guetter was not charged with violating any law and Brown County took no action to protect minors under his care.

The statute provides that the name of the reporter shall be confidential but accessible to the subject of the report "upon court order." Minn.Stat. § 626.556, subd. 11 (Supp.1985). On April 1, 1986, Guetter moved the district court for an order allowing him to obtain from Brown County "the name or names of the person or persons who filed a false claim against" him. His supporting affidavit states:

> The charges are absolutely false and groundless and I believe they were made maliciously and intentionally to destroy my reputation as a priest in an attempt to have me removed from [my parish] * * *.
>
> * * * [T]he only chance I have to regain my previous good reputation is to find out the name of the person or persons who made these scandalous remarks and find out the reason for them and expose the remarks as untrue.

The district court granted Guetter's motion. In its memorandum decision it stated:

> Since no actionable report has been substantiated and other criticism apparently does not warrant official action, [respondent] is without a remedy in a matter of individual and community concern unless the identity of the person who complained of him is disclosed. The Court sees no persuasive reason why that identity should be kept from him in these circumstances.
>
> * * * * * *
>
> Where, as here, the most serious aspect of what the report alleges, can't be substantiated beyond the four corners of the report itself, fairness to the individual accused requires that he have the ability to protect himself by appropriate means * * *. [Respondent] ought not be exposed to the obloquy implicit in the rumors circulating about him without legitimate means of self-protection.

## ISSUE

Did the trial court err in ordering appellant to disclose to respondent the name of the person or persons who reported that he had sexually abused minors in his care?

## ANALYSIS

Minn.Stat. § 626.556 requires certain persons and permits all others to report the

sexual abuse of children to the local welfare agency, police department or county sheriff. *Id.*, subds. 3(a)–(b) (Supp.1985). "Sexual abuse" is defined in terms of the violation of certain criminal statutes. *Id.*, subd. 2(a). Reports made pursuant to the statute must:

identify the child, any person believed to be responsible for the abuse or neglect of the child if the person is known, the nature and extent of the abuse or neglect and the name and address of the reporter.

*Id.*, subd. 7 (1984).

Persons making a report are "immune from any civil or criminal liability that otherwise might result from their actions, if they are acting in good faith." *Id.*, subd. 4(a)(1) (Supp.1985). However, the statute also makes certain reporters subject to civil liability:

Any person who knowingly or recklessly makes a false report under the provisions of this section shall be liable in a civil suit for any actual damages suffered by the person or persons so reported and for any punitive damages set by the court or jury.

*Id.*, subd. 5.

With certain exceptions, records maintained by a local welfare agency, including reports under subdivision 7, are classified as "private data on individuals." *Id.*, subd. 11. Under the Minnesota Government Data Practices Act, therefore, a subject of a report would ordinarily be entitled to access to the report. *See* Minn.Stat. §§ 13.02, subd. 12, 13.04, subd. 3 (1984); *Nelson v. Ninneman,* 373 N.W.2d 373 (Minn.Ct.App.1985).

However, the child abuse reporting statute provides:

An individual subject of a record shall have access to the record in accordance with [the Minnesota Government Data Practices Act], except that the name of the reporter shall be confidential while the report is under assessment or investigation except as otherwise permitted by this subdivision * * *. After the assessment or investigation is completed, the name of the reporter shall be confidential *but shall be accessible to the individual subject of the record upon court order.*

Minn.Stat. § 626.556, subd. 11 (Supp.1985) (emphasis added).

 Guetter is thus entitled to disclosure of the identity of the reporter upon court order, but the statute is silent as to when such an order should be granted. Brown County argues that the identity of a reporter may not be disclosed unless the subject of the report demonstrates that the report was false or unsubstantiated and made in bad faith.

The statute, however, does not contain such a requirement. It requires only that a court order be obtained, and it imposes no criteria for granting such an order. It therefore leaves it up to the trial court's discretion whether disclosure is appropriate under the circumstances. The statute provides no standard with which to review the trial court's exercise of its discretion.

Brown County argues that a legislative intent to require a showing of bad faith can be discerned from the statute's declaration that it is the state's public policy to protect children from abuse and neglect. *Id.*, subd. 1. Brown County also points to the analogous disclosure provision of the vulnerable adult reporting statute, which states that "the name of the reporter shall be disclosed only upon a finding by the court that the report was false and made in bad faith." Minn.Stat. § 626.557, subd. 12(a) (Supp.1985).

The legislature has not put this requirement in the child abuse reporting statute, however, even though it has amended the relevant provision twice. *See* 1981 Minn. Laws ch. 240, § 2; 1982 Minn. Laws ch. 636, § 3. We will not impose such a limitation on the trial court's discretion where none exists.

Finally, Brown County contends that the district court should have examined the records *in camera* before making its decision. The district court rejected that suggestion, believing that a review of the records would not aid its determination. This was for the trial court to decide.

## DECISION

Affirmed.

SEDGWICK, Judge (dissenting).

I respectfully dissent. I agree with the majority that the statute gives the trial court wide discretion on this issue. However, I do not agree that disclosure of a reporter's identity is a ministerial duty required of a trial court. Discretion involves the power to discern, to choose and to judge. Although the criteria for exercising discretion is not set forth in so many words, the purpose of the statute provides guidance.

The statute reflects concern for two conflicting interests: the protection of children from abuse or neglect, and the deterrence of false reporting of such occurrences. To protect victims of child abuse or neglect the statute facilitates reporting by limiting disclosure of the identities of reporters, and by granting immunity from liability for good faith reporting. To protect the victims of false reporting it contains disclosure provisions and establishes a cause of action for bad faith reporting.

The showing required for the subject of a report to obtain disclosure of the reporter's identity should reflect a balancing of those interests. Here, the trial court declined to review the welfare department's file because it believed the record would not aid its decision. It seems to me that knowledge of the facts of the complaint, the identity of the reporter and his or her relationship with the children, the activity, or the parish would be critical in determining whether the report was made, as Father Guetter's affidavit alleges, "maliciously and intentionally to destroy my reputation as a priest in an attempt to have me removed from [my parish] * * *."

Richard Embacher, Supervisor for Brown County Family Services, stated that although the specific allegation regarding sexual misconduct was not supported by any additional evidence found during the investigation, the general allegations of improper conduct by Michael Guetter were in fact supported. Embacher's statement hardly leads one to the conclusion that the report was made for false and malicious purposes. If the court had taken the time to determine from Brown County's file whether Embacher's statement had a basis in fact and reason, it could have determined the question of whether the report was made in good faith. The only purpose of disclosure is to subject the person who "knowingly or recklessly makes a false report" to liability in a civil suit for damages. Minn.Stat. § 626.556, subd. 5 (Supp.1985).

The statute defines "sexual abuse" in terms of the violation of certain criminal statutes. *Id.* subd. 2(a). However, the fact that a lay person's perceptions of improper sexual contact with children might amount to something less than a violation of the criminal code, should not subject them to possible recriminations when a report is made in good faith. To follow the reasoning of the majority is to mandate disclosure in every case where the report does not result in a criminal charge. This result directly conflicts with the legislative purpose set forth in Minn.Stat. § 626.556, subd. 1:

> The legislature hereby declares that the public policy of this state is to protect children whose health or welfare may be jeopardized through physical abuse, neglect or sexual abuse; to strengthen the family and make the home, school, and community safe for children by promoting responsible child care in all settings; * * *.

> In addition, *it is the policy of this state to require the reporting of neglect, physical or sexual abuse of children in the home, school, and community settings; to provide for the voluntary reporting of abuse or neglect of children; to require the assessment and investigation of the reports;* and to provide protective and counseling services in appropriate cases.

(Emphasis added.)

Minn.Stat. § 626.556, subd. 11, also clearly shows legislative intent that confidentiality of the reporter be protected:

> After the assessment or investigation is completed, *the name of the reporter shall be confidential but shall be acces-*

*sible to the individual subject of the record upon court order.*

(Emphasis added.) In order to encourage good faith reporting of child abuse, the reporter's name must be kept confidential until a court determines the likelihood that the person "knowingly or recklessly" made a false report.

I believe the proper balance between protecting children and deterring false reporting can only be effected by requiring a judge to exercise the discretion contemplated by the statute. The refusal to exercise discretion when discretion is required is an abuse of it. I would reverse and remand with instructions that the trial court review the Brown County file, including the report and the investigation results contained therein, and to make findings as to whether the report had a basis in fact, i.e., was made in good faith, or whether it was apparently made "knowingly or recklessly" with knowledge of its being false.